**Ahmed Anisur RAHMAN, Petitioner,**

v.

**Mark FILIP,\* Respondent.**

**No. 08–1484–ag.**

United States Court of Appeals,
Second Circuit.

Jan. 28, 2009.

Jorge Guttlein, Esq., Guttlein & Associates, New York, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Hannah Baublitz, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Ahmed Anisur Rahman, a native and citizen of Bangladesh, seeks review of the March 4, 2008 order of the BIA affirming the March 28, 2006 decision of Immigration Judge ("IJ") Robert D. Weis-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Mark Filip is automatically substituted as Respondent in this case.

el pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Ahmed Anisur Rahman,* No. A96 426 104 (B.I.A. Mar. 4, 2008), *aff'g* No. A96 426 104 (Immig. Ct. N.Y. City Mar. 28, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

█ We are without jurisdiction to review the agency's findings with respect to the untimeliness of Rahman's asylum application because Rahman contests only "the correctness of the [agency's] factual findings or justification for the discretionary choices" under 8 U.S.C. § 1158(a)(2)(B), (D). 8 U.S.C. § 1158(a)(3); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). We are also without jurisdiction to consider any argument regarding CAT relief because Rahman did not challenge the IJ's denial of that claim before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006). Accordingly, to the extent Rahman challenges the agency's pretermission of his asylum application and denial of his CAT claim, we dismiss the petition for review.

█ Regarding Rahman's withholding of removal claim, we conclude that the agency's determination that he failed to establish a nexus between his persecution and a protected ground is supported by substantial evidence. *See* 8 U.S.C. § 1101(a)(42). Rahman argues that he was threatened by Mostaque Hossain, his contact at Stylecraft, a client organization, because of his "willingness to combat the governing party's corruption." We have been directed to, and have ourselves found, no support for this contention in the record. Although an individual's attempt to oppose a government's economic practices can constitute political opinion, *Osorio v. INS,* 18 F.3d 1017, 1029 (2d Cir.1994), there was no indication that Rahman was fighting government corruption or that Hossain was motivated by anything other than his personal gain, *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005) ("The applicant must also show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief.") (citing *INS v. Elias–Zacarias,* 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Rahman testified that he and Hossain had a deal whereby he agreed to pay Hossain 10% of payments owed by Stylecraft.

Rahman argues that the Bangladeshi government was "clearly involved in the threats to [Rahman]." The agency properly found that there is no support for this in the record. Such government involvement is generally required for such actions to serve as a basis for withholding of removal. *Delgado v. Mukasey,* 508 F.3d 702, 709 n. 5 (2d Cir.2007); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 342 (2d Cir.2006). Rahman testified that Stylecraft was a government industry and that the Bangladesh government was unwilling to control Stylecraft because Stylecraft conducted import/export business. Hossain was not, however, a government official. There was no evidence that the government directed, condoned, or was even aware that Hossain was extorting money from Rahman.

Rahman also argues that the IJ erred in giving minimal consideration to the documentary evidence that he submitted. This Court does not require the agency to provide a detailed analysis of each aspect of a petitioner's documentary evidence and background materials. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d at 338 n. 17; *Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 68 (2d Cir.2002). Here, in addition to referencing the original and supplemental asylum applications, the IJ specifically referenced other documentary evidence, such as the country report and a letter from Rahman's parents. There was no evidence compelling a finding that Hossain's actions towards Rahman were motivated by Rahman's political opinion or other protected ground. In this vein, there is no indication that the agency did not consider this evidence in reaching its decision.

Because Rahman failed to establish a nexus between a statutorily protected ground and the alleged harm that he suffered in Bangladesh, the agency reasonably found that he failed to establish past persecution or a well-founded fear of persecution under the Immigration and Nationality Act. *See* 8 U.S.C. § 1101(a)(42).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, we DENY petitioner's pending motion for a stay of removal as moot.